UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CERVANTES,<br>　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　Defendant. | Case No. 2:17-cv-06338-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Larry Cervantes ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 20 ("Def.'s Br."), and Dkt. 22 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On December 6, 2013, Plaintiff filed an application for SSI, alleging that he became disabled as of May 23, 2012. [Dkt. 15, Administrative Record ("AR") 17,

142-147.] The Commissioner denied his initial claim for benefits on February 24, 2014, and upon reconsideration on April 30, 2014. [AR 17; 76-94.] On May 12, 2016, a hearing was held before Administrative Law Judge ("ALJ") Roger E. Winkelman. [AR 32-75.] On May 24, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 17-30.] Plaintiff requested review from the Appeals Council, which denied review on July 14, 2017. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since December 6, 2013, the application date. [AR 19 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depressive disorder; anxiety disorder; obsessive compulsive disorder, in remission (no physical restrictions). [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 30 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> Full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to simple instructions and task work; occasional contact with public, co-workers and supervisors; and, best to work by himself.

[AR 21-25.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but could perform representative occupations such as cafeteria attendant (DOT # 311.677-010), routing clerk (DOT # 222.687-022), and warehouse worker (DOT # 922.687-058) and, thus, is not disabled. [AR 26.]

///

///

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

**A. The ALJ Provided At Least One Clear and Convincing Reasons For The Credibility Determination.**

Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting Plaintiff's testimony regarding his alleged symptomatology. [Pltf.'s Br. at 2-7.]

Plaintiff testified that he is unable to work due to constant panic attacks, depression, and anxiety. [AR 43-47; *see also* AR 19, 21.] Specifically, he has "trouble…communicating with people" and stated that his most severe symptom is that he gets panic attacks about four or five times a week. [AR 42-43.] Plaintiff cries once a week and he "can't remember anything" when he is stressed. [AR 46.] Plaintiff has no physical restrictions. [AR 47.] He stated that he was hospitalized "one time in 2009 due to possible self-harm." [AR 21.] Plaintiff was also hospitalized in 2011 after suffering from a panic attack, but has not been hospitalized since that time. [*See, e.g.* AR 551 (September 2015 medical note

indicating "no…hospitalizations…or ER visits in the past 2 years."] Plaintiff stated that medication "help[s]" and he sees a nurse practitioner once a month. [AR 49-50.]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR 22], the ALJ's reasons must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony and his daily activities suggest that Plaintiff is capable of work; and (2) inconsistencies between the objective medical evidence and Plaintiff's alleged disabling symptomatology. The Court takes each in turn.

First, the ALJ found that Plaintiff's reported daily activities are not entirely consistent with his alleged symptomatology. [AR 21-23, 25.]. Daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari,* 261 F3d 853, 857 (9th Cir. 2001). However, Plaintiff is correct that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also* Pltf.'s Br. at 6. Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Rollins*, 261 F.3d at 857. Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of functions that are transferable to a work setting. *Orn*, 495 F.3d at 639.

Here, the ALJ noted that Plaintiff lives in a house with his parents and attended college part-time in 2014. [AR 21.] Plaintiff stated that he does not get along with others [AR 54], but he does have friends and goes to the mall with them. [AR 21, 57-58.] Plaintiff also plays video games online with other people, goes on walks with his mom to the park, performs household chores, does laundry, cooks simple meals, goes out to eat fast food once a month, reads, draws pictures, and uses

4

a computer for two hours per day. [AR 56-67.] Plaintiff has never had a job, but did volunteer at a comic book store for three months sorting trading cards. [AR 39-40.] Plaintiff continues to collect and trade cards as a hobby. [AR 41.]

Plaintiff argues that the ALJ failed to explain how these daily activities contradict Plaintiff's testimony or established that he can work. [Pltf.'s Br. at 6.] However, Plaintiff's daily activities establish that he appears to maintain friendly relationships with others despite his anxiety and depression. Furthermore, his statement that he has *trouble* getting along well with the public, coworkers, and supervisors [AR 54-55] is inconsistent with his statement on his Adult Function Report that he has *no problem* getting along with friends, family, neighbors, and others [AR 182]. [*See* AR 22.] In addition, Plaintiff testified at the hearing that he does not attend "com cons or anything like that" [AR 41] but reported to a doctor in July 2015 that he had recently attended an anime expo in Los Angeles [AR 663]. [*See* AR 25.] Plaintiff also testified that he goes out to eat once a month, performs household chores, does his laundry, and cooks, which reasonably suggests that although he lives with his parents, he does not require support to maintain independence in his living situation. [AR 56-67.] All of these activities suggest abilities inconsistent with the extreme mental limitations alleged by Plaintiff. Thus, the ALJ's finding that Plaintiff's asserted home activities are inconsistent with his allegedly disabling symptomatology and suggest that he is capable of work was a clear and convincing reason for discounting Plaintiff's credibility.

Second, the ALJ concluded that the objective medical evidence was inconsistent with Plaintiff's testimony regarding his limitations. [AR 22-23, 25.] While subjective testimony cannot be rejected on the *sole ground* that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's symptoms. *Rollins*, 261 F.3d at 857 (internal citation omitted) (emphasis added). Here, the objective medical evidence is one of two reasons the ALJ gave to discount Plaintiff's credibility

5

(Plaintiff's daily activities constitute a clear and convincing reason as discussed *supra*).

As discussed in detail below, the ALJ noted that the medical record reflected Plaintiff's self-reports of positive progress and treatment notes indicating similar improvement. [AR 24; *see infra* Discussion IV.B pp. 7-9.] In addition, in his Adult Function Report, Plaintiff reported that he is "always dirty," "do[es]n't like taking showers," "do[es]n't feel like combing [his] hair," "do[es]n't feel like shaving," his "body shakes in eccess [sic], and he "can't concentrate [or] focus" [AR 177-178.] However, the objective mental exam findings noted that Plaintiff had an anxious/depressed mood but were otherwise unremarkable noting good grooming, appropriate eye contact, cooperate behavior, normal motor activity, including "no tremor[s]." [*See e.g.,* AR 354, 391, 433.] The mental records also found that Plaintiff had age appropriate attention, judgment, and insight, no evidence of suicidal/homicidal ideation, and intact concentration. [AR 237, 263-264, 354, 391-392, 432-433, 462-463, 469, 479, 481, 509, 515, 524, 526, 528, 531, 535, 571, 584, 588, 650, 664, 736, 895-896.][1] Thus, the ALJ properly found that Plaintiff's testimony was inconsistent with the medical evidence. This issue does not warrant remand.

The Commissioner asserts that the ALJ discussed two other valid reasons for the adverse credibility determination: "[i]mprovement with conservative treatment" and "lack of work history." [Def.'s Br. at 4-7, 11-12.] However, and critically, the ALJ never asserted that Plaintiff's level of treatment or work history supported the adverse credibility determination. The Court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630 (internal citation omitted)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's

---

[1] While there are some increased positive findings in December 2015 and February to March 2016, these were not of duration or severe enough to warrant limitations beyond those the ALJ found.

6

credibility decision based on reasons not cited by the ALJ). Thus, the Court declines to address these additional reasons proffered by the Commissioner.

**B. The ALJ Properly Rejected The Opinion Of Donna Elam, PA-C and Habib Khan, M.D.**

Plaintiff next argues that the ALJ improperly dismissed the March 2016 checkbox form provided by Donna Elam, PaC, because he attributed the form to the co-signer, Habib Khan, M.D., who did not personally examine Plaintiff. [Pltf.'s Br. at 7-9; Pltf.'s Reply at 2-3; *see* AR 24, 869-871.] The October 20, 2015 form finds that Plaintiff would be off task 10-15% out of an 8-hour day due to mental limitations in his ability to understand, concentrate, remember, interact socially, and adapt. [AR 869-871.]

Even if the ALJ erred by not recognizing Ms. Elam's contribution to the form, he gave several other reasons for rejecting the form opinion. Notably, the opinion was: (1) primarily based on subjective complaints, (2) not based on objective evidence, (3) inconsistent with Plaintiff's self-reported improvement and treatment records showing progress, (4) inconsistent with the mental status exam findings including their finding that Plaintiff was not a danger to himself or others, and (5) two State agency consultants who reviewed the record opined that Plaintiff was not as limited as the check box form suggests. [AR 24-25; *see also* 20 C.F.R. § 416.927(c)(1)-(6) (setting forth multiple factors an ALJ considers in weighing medical opinions: examining relationship, treatment relationship, supportability, consistency with the record, specialization and "other factors").]

Given that it is undisputed that Ms. Elam's and Dr. Khan's opinion was contradicted by the State agency consultants, the ALJ was required to, and as set forth herein did, provide specific and legitimate reasons for evaluating the opinion as he did.

The Court notes that Plaintiff challenges only one of the many grounds the ALJ gave for giving no weight to Ms. Elam's and Dr. Khan's opinion – that the

opinion is not based on objective evidence. [Pltf.'s Br. at 8-9.] Critically, Plaintiff ignores the ALJ's finding that the checkbox form is inconsistent with Plaintiff's self-reported improvement and treatment records showing progress. [AR at 24.] The ALJ noted that Plaintiff reported feeling better as of September 14, 2012, was contemplating taking driving lessons, had a GAF score of 61-70, and was attending classes at Ventura College. [AR 22 (citing AR 236-238, 257).] Plaintiff was "focusing better and thinking quicker" on November 29, 2012 and continued to report feeling better on December 11, 2012. [AR 23 (citing AR 300, 325).] In addition, Plaintiff had mild depression and less anxiety in January 2013. [*Id.* (citing AR 244-246, 354).] Four months later, on April 30, 2013, Plaintiff refused outpatient individual and group therapy. [*See* AR 409.] Over a year and half later, on December 16, 2014, Plaintiff reported that his depression had not been an issue. [AR 524.] On September 2, 2015, Plaintiff was noted to have "no anxiety/panic, no depression, no social issues and no eating concerns." [AR 23 (citing AR 649-650).] In fact, Plaintiff was discharged from his current mental health services on February 4, 2016, due to lack of participation. [AR 490-493.] Plaintiff had also missed his previous appointment before his unplanned discharge. [AR 506.] Thus, the Court finds that Ms. Elam's and Dr. Khan's opinion regarding Plaintiff's severe limitations is inconsistent with Plaintiff's improvement and treatment records showing progress was a specific and legitimate reason for assigning Elam's and Dr. Khan's opinion no weight.

In addition, Ms. Elam did not have significant experience with Plaintiff; she treated him twice from February to March 2016. Thus, Plaintiff's treatment history with Ms. Elam (or lack thereof) does not justify a presumption that the checkbox form was entitled to increased weight. *See Garrison v. Colvin*, 759 F.3d at 1013 (noting that where answers to questionnaire "were based on significant experience with [the claimant] and supported by numerous records, … [they] were thefore entitled to weight that an otherwise unsupported and unexplained check-box form

8

would not merit").

In light of these specific findings, as well as the record as a whole, the Court finds that the ALJ gave specific and legitimate reasons, supported by substantial evidence, to attribute no weight to the conclusions of Ms. Elam and Dr. Khan. The Ninth Circuit has long held that "the ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.'" *Magallanes*, 881 F.2d at 751 (internal quotation omitted); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." (internal quotation, emphasis, and citations omitted)). This issue, therefore, also does not warrant remand.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

DATED: September 12, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE